**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MARIA BARRERA-CRUZ, | No. 08-73149 |
| Petitioner, | Agency No. A072-913-352 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2010[**]

Before:     B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

   Maria Barrera-Cruz, a native and citizen of El Salvador, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum and withholding

of removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

---

   [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

substantial evidence, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n. 1 (1992), and we deny the petition for review.

The BIA denied Barrera-Cruz's asylum application as time-barred. Barrera-Cruz does not challenge this finding in her opening brief.

Substantial evidence supports the BIA's finding that Barrera-Cruz did not establish past persecution because the 1995 break-in incident and the death and beating of her cousins were not on account of a protected ground, *see id.* at 481-83; *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"), and the threats from the gang member known as "Shaggy" did not rise to the level of persecution, *see Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000). Barrera-Cruz's claim for humanitarian asylum necessarily fails because she did not establish past persecution. *See* 8 C.F.R. § 1208.13(b)(1)(iii).

Substantial evidence also supports the BIA's finding that Barrera-Cruz did not establish a clear probability of future persecution, particularly because her similarly-situated family members remain in El Salvador unharmed. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001). Accordingly, Barrera-Cruz's withholding of removal claim fails.

**PETITION FOR REVIEW DENIED.**

2                                                                08-73149